46

[873 NYS2d 499]

In the Matter of MARTIN N. KROLL (Admitted as MARTIN NEIL KROLL), an Attorney, Resignor.

Second Department, March 3, 2009

**APPEARANCES OF COUNSEL**

*Martin N. Kroll*, Garden City, resignor pro se.

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Martin N. Kroll has submitted an affidavit dated October 10, 2008, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Kroll was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 18, 1964, under the name Martin Neil Kroll.

Mr. Kroll avers that his resignation is submitted voluntarily, free from coercion or duress, and with a full awareness of the implications of its submission after review with counsel. Mr. Kroll is aware of a pending investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct concerning his unauthorized borrowing of monies from an escrow account for personal purposes. He notes that the funds were subsequently restored, with interest, to the affected client.

Mr. Kroll acknowledges that he would be unable to successfully defend himself on the merits against charges predicated on the aforesaid allegations. He is aware that any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for that money or property. Mr. Kroll is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the proffered resignation as in the best interests of the public as the most expeditious way to conclude this matter in order to save the Court's time and expense while protecting the public.

Inasmuch as the proffered resignation is in full compliance with this Court's rules, it is accepted and, effective immediately, Martin N. Kroll is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and LEVENTHAL, JJ., concur.

Ordered that the resignation of Martin N. Kroll, admitted as Martin Neil Kroll, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Martin N. Kroll, admitted as Martin Neil Kroll, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Martin N. Kroll, admitted as Martin Neil Kroll, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Martin N. Kroll, admitted as Martin Neil Kroll, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Martin N. Kroll, admitted as Martin Neil Kroll, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).